KILPATRICK TOWNSEND & STOCKTON LLP
LARRY W. MCFARLAND (SBN 129668)
lmcFarland@kilpatricktownsend.com
CAROLINE Y. BARBEE (SBN 239343)
cbarbee@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone: 310-248-3830
Facsimile: 310-860-0363

Attorneys for Plaintiff
EURAMAX INTERNATIONAL, INC.

KILPATRICK TOWNSEND & STOCKTON LLP
Judith A. Powell (GA Bar No. 586125) (*pro hac vice application forthcoming*)
jpowell@kilpatricktownsend.com
Tiffany R. Brown (GA Bar No. 542926) (*pro hac vice application forthcoming*)
tibrown@kilpatricktownsend.com
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
(404) 815-6500 (telephone)
(404) 815-6555 (facsimile)

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

EURAMAX INTERNATIONAL, INC., A GEORGIA CORPORATION,

Plaintiff,

v.

SHADE STRUCTURES, INC., ROBERT B. PINNELL, an individual and dba PINNELL CONSTRUCTION, ALUMAWOOD.COM, and DIYPATIO.COM; DOMAINS BY PROXY, LLC; and JOHN DOES 1 THROUGH 5,

Defendant.

Case No. 5:14-cv-02040

**COMPLAINT FOR:**
**1) Trademark Infringement Under 15 U.S.C. § 1114(1);**
**2) Cybersquatting Under 15 U.S.C. § 1125(d);**
**3) Federal Unfair Competition Under 15 U.S.C. § 1125(a);**
**4) Statutory Unfair Competition Under Cal. Bus. & Prof. Code § 17200;**
**5) California Common Law Passing Off & Unfair Competition**

Plaintiff Euramax International, Inc., ("Plaintiff" or "Euramax") states the following for its Complaint against Defendants Shade Structures, Inc., Robert B. Pinnell, individually and d/b/a Pinnell Construction, Alumawood.com, and DIYPatio.com, Domains By Proxy, LLC, and John Does 1 through 5 (collectively, "Defendants").

## NATURE OF THE ACTION

1. This is an action at law and in equity for trademark infringement, cybersquatting, unfair competition, and deceptive trade practices, arising under the federal Lanham Act, codified as amended at 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"); the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"); and state statutory law, including California's Unfair Competition statute (Cal. Bus. & Prof. Code § 17200), and common law passing off and unfair competition under the laws of the state of California, as a result of Defendants' intentionally misleading use of trademarks that are confusingly similar to Euramax's long-established and well-known ALUMAWOOD mark and Defendants' deception of the public in connection with their use of the mark.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over Plaintiffs' related state law claims under 28 U.S.C. §§ 1338 and 1367.

3. The Court has personal jurisdiction over Defendants because they are located in and doing business in this state and have committed tortious acts in this state and caused injury in this state by falsely advertising their products in this jurisdiction, infringing Plaintiff's ALUMAWOOD Mark in this jurisdiction, targeting and selling to consumers in this jurisdiction, and causing confusion in this jurisdiction.

/ / /



4. Venue is proper in this District in accordance with 28 U.S.C. § 1391(b) because Defendants are transacting business in this District and because a substantial part of the events or omissions giving rise to Plaintiffs' claims have occurred and are continuing to occur in this District.

**THE PARTIES**

5. Plaintiff Euramax International, Inc. is a Georgia corporation with its principal place of business at 303 Research Drive NW #400, Norcross, Georgia 30092. Plaintiff is the owner of the trademark and corresponding trademark registration at issue in this case.

6. Defendant Shade Structures, Inc. is a corporation organized under the laws of Kansas and doing business in this District through the interactive websites at issue in this case ("Defendants' Websites"), which may be served with process at 1490 N. Coolidge Avenue, Wichita, Kansas 67203.

7. Defendant Robert Pinnell ("Pinnell") is an individual who does business under the names Pinnell Construction, Alumawood.com and DIYPatio.com in this District through the interactive websites accessible in and targeted to this jurisdiction that are at issue in this case, and who may be served with process at 24890 Mendoza Drive, Temecula, CA 92590. Pinnell has personally engaged in and directed the infringement, cybersquatting, and false advertising that are the subject of this Complaint.

8. Defendant Domains By Proxy, LLC is a privacy domain registrant service that is the registrant of record of <alumawood.com>, the domain name at issue in this case, as shown in Exhibit A.

9. Defendants John Does 1 through 5 are the true registrants of the domain name alumawood.com and/or are operating the websites at issue in this case.

10. Defendants are acting jointly and severally, and each is controlling or acting as the agent of each of the others, in using an infringing mark and an

/ / /



infringing domain name and in conducting their businesses, false advertising, and infringing activities in this District.

## **FACTUAL BACKGROUND**

### Euramax's Rights in its ALUMAWOOD Mark

11. Plaintiff Euramax is the market leader in the manufacture and sale of shade structure building materials, including patio covers. For nearly thirty years, together with its predecessors and affiliates, Plaintiff has adopted and used the coined trademark ALUMAWOOD to identify its high quality shade structures and patios. Over these years of extensive sales, advertising, and promotion, Plaintiff has built tremendous brand equity in its ALUMAWOOD mark, which has become a strong and well-known indicator of quality and reliability and has obtained substantial goodwill among home-improvement customers and within the home-improvement industry.

12. For over ten years, Plaintiff has promoted and offered its ALUMAWOOD brand goods online, operating a website located at the URL address <alumawood.net> where its official ALUMAWOOD branded shade structures are introduced to new and current customers, as illustrated by the website homepage attached as Exhibit B.

13. Plaintiff owns an incontestable U.S. federal trademark registration for its highly regarded ALUMAWOOD mark (Reg. No. 3,578,348) (the "ALUMAWOOD Mark"). The incontestable ALUMAWOOD Registration constitutes *conclusive* evidence of the validity of the Plaintiff's registration and of Euramax's exclusive right to use the mark underlying Reg. No. 3,578,348 in connection with the goods covered by the registration, namely, shade structures and patio covers. A copy of the Registration Certificate is attached as Exhibit C.

14. Since the adoption of the ALUMAWOOD Mark, Plaintiff has used the mark widely and continuously, extensively promoting it in connection with goods and services offered throughout the United States.



15. Specifically, Plaintiff began using its ALUMAWOOD mark in the early 1980's to provide quality shade structure building materials. Each year, Plaintiff spends hundreds of thousands of dollars marketing and promoting its brand to consumers and the building trade. Over the years, the ALUMAWOOD brand has become the market leader for "do it yourself" patio products and has received numerous accolades as a result. For example, in 2010 Plaintiff's ALUMAWOOD Newport solid roof patio cover was featured on the popular show *Turf War* on the DIY Network. A true and correct of a press release detailing this recognition received by Plaintiff for the ALUMAWOOD brand is attached as Exhibit D.

16. As a result of Plaintiff's substantial and continuous use and marketing of its ALUMAWOOD Mark, the <alumawood.net> website, and the goods and services offered in connection with the mark and the website, the ALUMAWOOD Mark has become extremely well-known to the public as an exclusive source identifier of Plaintiff's high quality, reliable shade structures and patio covers, and the public has come to expect businesses and websites that offer shade structures in connection with the ALUMAWOOD Mark to be associated with Plaintiff.

<u>Defendants' Wrongful Acts</u>

17. For a number of years, Defendant Pinnell, through previously existing but now defunct corporations of which he was the principal owner, director, and officer, and/or through Pinnell Construction and Alumawood.com business names, was Plaintiff's customer and authorized reseller of genuine ALUMAWOOD-branded product, pursuant to a marketing license agreement under which he and his business were authorized to use the ALUMAWOOD Mark. Defendants substantially built the various Pinnell businesses under the ALUMAWOOD mark and greatly profited as a result. However, because Defendants began diverting business solicited under Plaintiff's ALUMAWOOD mark to Plaintiff's competitors, Plaintiff terminated the parties' relationship in 2013. Defendants no longer purchase

/ / /



or sell genuine ALUMAWOOD-branded product and are not licensed or otherwise authorized to sell Plaintiff's product or use Plaintiff's ALUMAWOOD Mark.

18. Defendant Pinnell, together with the other Defendants, now sells other brands of products that compete directly with Plaintiff's brand. However, Defendants are selling the competing products through a "bait and switch" scheme that deceives consumers.

19. Defendants are operating a website at the domain name <alumawood.com>, (the "Infringing Domain Name" or the "Infringing Website"). This domain name, consisting of Plaintiff's exact mark and virtually identical to the Plaintiff's official website domain <alumawood.net>, is registered in the name of Defendant Domains by Proxy, who is facilitating the operation of the site and infringement of Plaintiff's mark. Defendants display the ALUMAWOOD mark prominently on the site, as shown in Exhibit E, misleading Internet users to believe that they have reached Plaintiff's official website.

20. As evidenced by printouts from the Infringing Website, attached as Exhibits E through G, the site purports to offer ALUMAWOOD brand products, displaying images of patio and other shade structures that mirror those shown on Plaintiff's official website.

21. However, when a visitor completes the site's "Quick Quote" form, shown in Exhibit H, instead of providing a quote for genuine ALUMAWOOD brand products, Defendants provide a quote for "AlumaShade.com products," which is not Plaintiff's brand. A true and correct copy of a quote for "AlumaShade.com" products received as a result of a request filled out on the Infringing Website is attached as Exhibit I. The quote thanks the potential customer for "choosing AlumaShade.com products" and explains what the quoted "AlumaShade Do-It-Yourself kit" will include. Defendants then sell customers a brand of products other than the ALUMAWOOD brand: ALUMASHADE, DURALUM, or another brand. Therefore, while Defendants use the popular ALUMAWOOD brand to lure



customers to their website, they subsequently sell customers a different product that the customers did not seek. Moreover, Defendants further deceive customers to whom they sell Duralum brand products by providing the purchasers warranty forms that are for ALUMAWOOD brand products. A true and correct copy of the ALUMAWOOD warranty that Defendants feature through the Infringing Website is attached as Exhibit J.

22. Defendants have not only infringed Plaintiffs' rights by using confusingly similar marks for the Infringing Website, they have also intentionally misrepresented their businesses in other ways.

23. In addition to operating the website at the Infringing Domain Name, Defendants operate the website <diypato.com>, where they advertise and offer DURALUM WEATHERWOOD brand products. The diypatio.com site, however, uses the ALUMAWOOD brand and product images to sell the competing DURALUM brand.

24. For example, the website features "AlumaShade Photo Gallery #2", which prominently displays the ALUMAWOOD brand, as shown in Exhibit K, and appears to depict ALUMAWOOD brand shade structures. The site also posts and links to videos featured on a number of YouTube channels, including a channel entitled "Alumawood's channel" located at https://www.youtube.com/user/alumawood and others, including an additional channel entitled "Robert Pinnell," located at https://www.youtube.com/user/alumawoodcom, instructing customers on "do it yourself" patio construction, using titles confusingly similar to Plaintiff's mark, including ALUMASOLID, ALUMASHADE, and ALUMALATTICE, and displaying the Infringing Domain Name, as illustrated in Exhibits L and M. These videos are an attempt to trade on the goodwill of the ALUMAWOOD brand and are likely to confuse customers into believing that Defendants' <diypato.com> website is affiliated with or endorsed or sponsored by Plaintiff.

25. Defendants also operate a Facebook page located at <https://www.facebook.com/DiyPatio> which depicts multiple images of a truck displaying a large ALUMAWOOD.COM sign across the side, as shown in Exhibit N. Defendants have also used the truck displaying Plaintiff's mark long after they were no longer authorized to use Plaintiff's mark. Defendants have further engaged in conduct likely to confuse consumers and illustrative of Defendants' bait and switch methods by displaying on the DiyPatio Facebook page a rebranded truck featuring a large ALUMASHADE.com sign on its side, but with a phone number beneath it reading "1-888-Alumawood," as illustrated in Exhibit O. These additional uses of the ALUMAWOOD Mark by Defendants are likely to confuse consumers and cause them to believe that Defendants are affiliated with, or operated, authorized, or endorsed by, Plaintiff.

26. Indeed, Defendants have succeeded in their efforts to confuse consumers and trade on the goodwill in Plaintiff's ALUMAWOOD Mark. Consumers who have purchased patio and shade structure kits from Defendants have made inquiries to Plaintiff regarding the warranty they received from Defendants and attempted to register warranties with Plaintiff for DURALUM brand products purchased from Defendant, in the mistaken belief that they had purchased genuine ALUMAWOOD brand products. In addition, Plaintiff has received calls from homeowners inquiring about the Infringing Website. Consequently, Defendants have caused actual consumer confusion, including within this District.

27. Accordingly, Defendants' use of the Plaintiff's mark, confusingly similar marks, the Infringing Domain Name, and Infringing Website, along with their marketing representations and bait and switch methods, have deceived and confused consumers and harmed Plaintiffs, and are likely to continue to confuse and deceive the public, causing irreparable harm and damage to Plaintiffs, and unlawfully generating income for Defendants.

/ / /



28. Defendants' infringement is intentional. Defendants have actual knowledge of Plaintiff's ALUMAWOOD Mark and Plaintiff's rights in it because of Plaintiff's longstanding and extensive use of the ALUMAWOOD Mark and because of Defendant Pinnell's extensive transaction of business with Plaintiff, including his former status as an authorized reseller.

29. Defendants are therefore intentionally seeking to cause confusion and trade on Plaintiff's goodwill in its ALUMAWOOD Mark in an effort to reap undeserved profits. Further, by using the Infringing Domain Name, Defendants have acted with bad faith intent to profit from the goodwill that Plaintiff has developed in its well-known and distinctive ALUMAWOOD Mark.

**COUNT I**

**(15 U.S.C. § 1114 — Infringement of Federally Registered Trademarks)**

30. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29.

31. Defendants' unauthorized use of the registered ALUMAWOOD mark and confusingly similar imitations of Plaintiff's ALUMAWOOD Mark is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that services offered in connection with the Infringing Mark are affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff, all in violation of 15 U.S.C. § 1114.

32. Defendants' unauthorized use of confusingly similar imitations of Plaintiff's registered ALUMAWOOD Mark, notwithstanding their knowledge of Plaintiff's ownership of the ALUMAWOOD Mark, demonstrates an intentional, willful, and bad faith intent to trade on the goodwill of Plaintiff's ALUMAWOOD Mark and to cause confusion, deception, and mistake in the minds of customers and potential customers, to the great and irreparable injury of Plaintiff. Defendants have acted knowingly and have been unjustly enriched thereby.



33. Defendants' conduct is causing and is likely to continue causing substantial injury to the public and to Plaintiff, therefore Plaintiff is entitled to injunctive relief and to recover Defendants' trebled profits associated with the infringement, Plaintiff's damages, and Plaintiff's reasonable attorneys' fees in accordance with 15 U.S.C. §§ 1116 and 1117.

**COUNT II**

**(15 U.S.C. § 1125(d) — Violation of the Anticybersquatting Consumer Protection Act)**

34. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29.

35. By registering and using the Infringing Domain Name <alumawood.com>, Defendants have registered and used a domain name that is confusingly similar to Plaintiff's ALUMAWOOD Mark.

36. Defendants registered and are using the Infringing Domain Name <alumawood.com> with the intent to divert customers from Plaintiff's <alumawood.net> website to the Infringing Website, which is accessible through the Infringing Domain Name <alumawood.com>, and which could harm the goodwill represented by Plaintiff's ALUMAWOOD Mark. Defendants have done so with the bad faith intent to profit from Plaintiff's ALUMAWOOD Mark by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the Infringing Websites and by diverting persons seeking Plaintiff's <alumawood.net> website and services to Defendants' Infringing Website.

37. Defendants are operating the Infringing Website with the intent to profit from the use of the Infringing Domain Name and the consequent confusion of Internet users.

38. Defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

/ / /



39. Defendants' unauthorized registration and use of the Infringing Domain Name has caused and, unless enjoined by this Court, will continue to cause, irreparable injury to Plaintiff and to the goodwill associated with Plaintiff's ALUMAWOOD Mark.

40. Defendants' cyberpiracy is causing and is likely to continue causing substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief, and to recover statutory damages of $100,000 under 15 U.S.C. § 1117(d)

**COUNT III**

**(15 U.S.C. § 1125(a) — Federal Unfair Competition)**

41. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29.

42. Defendants' use of confusingly similar imitations of Plaintiff's ALUMAWOOD Mark is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff, in violation of 15 U.S.C. § 1125(a).

43. Defendants' actions demonstrate intentional, willful, and bad faith intent to trade on Plaintiff's goodwill and to cause confusion, deception, and mistake in the minds of customers and potential customers by implying a nonexistent affiliation or relationship between Defendants and Plaintiff, to the great and irreparable injury of Plaintiff.

44. Because Defendants' unfair competition is causing and is likely to continue causing substantial injury to the public and to Plaintiff, Plaintiff is entitled to injunctive relief, and to recover Defendants' trebled profits associated with the infringement, Plaintiff's damages, and Plaintiff's costs and reasonable attorneys' fees in accordance with 15 U.S.C. §§ 1116 and 1117.

/ / /



**COUNT IV**

**(Statutory Unfair Competition**

**California Business and Professions Code §§ 17200, *et seq*.)**

45. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29.

46. Defendants are making unauthorized commercial use of the ALUMAWOOD Mark in a deliberate, willful, intentional and wrongful attempt to trade on Plaintiff's goodwill, reputation and financial investments in the ALUMAWOOD Mark. By reason of Defendants' conduct as alleged herein, Defendants have engaged in unlawful, unfair and/or fraudulent ongoing business practices in violation of California Business & Professions Code **§** 17200, *et seq*. (2008).

47. As a direct result of Defendants' unfair competition with regard to the ALUMAWOOD Mark, Defendants have unlawfully acquired, and continue to acquire on an ongoing basis, an unfair competitive advantage and have engaged in, and continue to engage in, wrongful business conduct to Defendants' monetary advantage and to the detriment of Plaintiff.

48. Defendants' conduct as alleged herein has been undertaken willfully and maliciously, and with full knowledge and in conscious disregard of Plaintiff's rights.

49. Defendants' illegal and unfair business practices are continuing, and Plaintiff is entitled to injunctive relief pursuant to California Business and Professions Code **§** 17203.

**COUNT V**

**California Common Law Passing Off and Unfair Competition**

50. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 29.

/ / /



51. By virtue of their conduct as alleged herein, Defendants have engaged and is engaging in unfair competition and passing off under the common law of the State of California.

52. As well as harming the public, Defendants' conduct as alleged herein has caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law, and is also causing damage to Plaintiff in an amount which cannot be accurately computed at this time but will be proven at trial.

53. Defendants' actions were undertaken intentionally to obtain an unfair advantage over Plaintiff and in conscious disregard of Plaintiff's rights, and Defendants' continued conduct is malicious, oppressive and/or fraudulent. Plaintiff requests punitive or exemplary damages pursuant to California Civil Code § 3294(a) in an amount sufficient to punish and deter Defendants and to make an example of them.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1. Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from any Defendant, or in concert or participation with Defendants, and each of them, be enjoined and restrained from:

a. using the Infringing Mark, the Infringing Domain Name, the Infringing Website, Plaintiff's ALUMAWOOD Mark, Plaintiff's <alumawood.net> websites, or any other copy, reproduction, or colorable imitation or simulation of Plaintiff's ALUMAWOOD Mark in connection with patio furniture or shade structures, or materials used in connection therewith;

b. using any trademark, service mark, trade dress, name, logo, or source designation of any kind that is a copy, reproduction, colorable imitation, or simulation of or confusingly similar to the trademarks, service marks, trade dresses, names, or logos of Plaintiff;



c. engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception, or public misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' services with or by Plaintiff;

d. passing off, palming off, or assisting in passing off or palming off, Defendants' goods as those of Plaintiff, or otherwise continuing any and all acts of unfair competition alleged in this Complaint; and

e. otherwise infringing upon Plaintiff's ALUMAWOOD Mark or unfairly competing with Plaintiff in any manner whatsoever.

2. Defendants and the registrar(s) of the Infringing Domain Name be ordered to transfer and assign to Plaintiff or its designee of the Infringing Domain Name.

3. Defendants be compelled to account to Plaintiff for and disgorge any and all profits derived by Defendants through their infringement pursuant to 15 U.S.C. § 1117(a).

4. Defendants be required to pay to Plaintiff all damages caused to Plaintiff by their actions, including prejudgment interest thereon.

5. That the award of profits and damages resulting from Defendants' infringement, unfair competition, and false designation of origin of goods be trebled.

6. Plaintiff recover statutory damages under 15 U.S.C. § 1117(d) in the amount of $100,000 for the Infringing Domain Name.

7. In light of Defendants' willful and deliberate infringement of Plaintiff's ALUMAWOOD Mark, Plaintiff be awarded punitive damages.

8. Defendants be required to pay to Plaintiff the costs of this action and its reasonable attorneys' fees in accordance with 15 U.S.C. § 1117(a) and/or California law.

9. Defendants be required to destroy or deliver up for destruction all advertising and promotional materials, labels, cartons, brochures, business

stationary, calling cards, information sheets, posters, signs, and any and all other printed, graphic, or electronic materials of any type, including the programs, plates, molds, or other means of producing the materials, which bear references to the Infringing Mark, the Infringing Domain Name, the Infringing Website, Plaintiff's ALUMAWOOD Mark, Plaintiff's ALUMAWOOD Website, or confusingly similar imitations thereof, or which are found to adopt or to infringe any of Plaintiff's trademarks or trade dresses, or which otherwise unfairly compete with Plaintiff and its goods and services.

10. Defendants be directed to file with the Court and serve on Plaintiff, within thirty (30) days after entry of a final injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and order of destruction.

11. Plaintiff has such other and further relief as the Court may deem just and proper.

DATED: October 1, 2014

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: /s/ Larry W. McFarland
LARRY W. MCFARLAND

Attorneys for Plaintiff
EURAMAX INTERNATIONAL, INC.

US2008 6027375 1

